UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
ERNEST C. HARRIS,                           :        CASE NO. 1:12-CV-969
                                            :
           Plaintiff,                       :
                                            :
vs.                                         :        OPINION & ORDER
                                            :        [Resolving Doc. No. 1]
RODDY LUTHER, *et al.*,                     :
                                            :
           Defendants.                      :
                                            :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* plaintiff Ernest C. Harris brings this action against City of Cleveland Mayor Frank Jackson, City of Cleveland Safety Director Martin Flask, Roddy Luther, and John Hall. In the Complaint, plaintiff appears to allege harassment. He does not specify the relief he is seeking.

### I.  Background

Plaintiff is a state prisoner, incarcerated at Lorain Correctional Institution in Grafton, Ohio. In its entirety, the Complaint asserts as follows:

> (1) The policy of Mayor Frank Jackson and Safety Dir.  The search warrant was attain under false facts. There never been any drugs found. (2) Paraphenlia [sic] belong to alcoholics and drugs addict that would come to the house to eat, take shower or bath and change clothes the police knew this I just didn't have the paperwork from I.R.S.  We have a group over zealous in their jobs– police.  No crime was done.

(Doc. 1 at 1).   The caption of the Complaint states "harassment– planting evict. Paraphenalia."

Plaintiff does not identify the relief he is seeking.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010); *Siller v. Dean*, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998). *See generally Hill*, 630 F.3d at 470-71 (holding that "the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" pursuant to §§ 1915A and 1915(e)(2)).

### III. Analysis

Plaintiff fails to identify any specific legal theory or cause of action in his Complaint. He does not identify defendants Luther or Hall or explain how any of the named defendants may have violated his legal rights. While he alleges generally that an unidentified search warrant was obtained based on "false facts," and a "group" of people are "overzealous in their jobs," plaintiff fails to clearly identify any legal claims or set forth any facts explaining the alleged involvement of defendants Jackson, Flask, Luther or Hall.

Principles requiring generous construction of *pro se* pleadings are not without limits. See *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions not squarely presented to them or to construct full blown claims from sentence fragments. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985); *Crawford v. Crestar Foods*, 2000 WL 377349 at * 2 (6th Cir. April 6, 2000). To do so would require the courts "to explore exhaustively all potential claims of a *pro se* plaintiff . . . [and] would transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*. at 1278. Moreover, a plaintiff's failure to identify a particular legal theory in his Complaint places an unfair burden on defendants to speculate about the potential claims that a plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. *See Wells*, 891 F.2d at 594. Even liberally construed, the Complaint in the instant case fails to sufficiently state any federal claims and it is, therefore,

subject to summary dismissal under § 1915A.

In addition, this Court declines to exercise supplemental jurisdiction over any potential state law claims in this case pursuant to 28 U.S.C. § 1367(c). Supplemental jurisdiction is governed by 28 U.S.C. § 1367, which includes an explicit provision permitting the district court to decline to exercise supplemental jurisdiction when that court has dismissed all of the claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997) (noting that a district court may decline to exercise supplemental jurisdiction over state-law claims once it has dismissed all claims over which it possessed original jurisdiction). Accordingly, to the extent plaintiff intends to assert any claims under state law, they are subject to summary dismissal under § 1915A.

### IV. Conclusion

Accordingly, this action is dismissed without prejudice under 28 U.S.C. §1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.


Dated: July 19, 2012           *s/       James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."